# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL CASE NO. 4:08CR090

CAMERON JONES

## ORDER

The United States has made motion [31] to allow Dr. Robert Lucking, a staff psychiatrist of the Federal Medical Center at the United States Bureau of Prison's Federal Medical Center in Butner, North Carolina, to testify via video-conference at a mental evaluation hearing to forcibly medicate the defendant Cameron Jones pursuant to Sell v. United States, 536 U.S. 166 (2003). Cameron Jones, the defendant, has filed his response in opposition. The cause is now ripe for determination.

### Dr. Lucking's Physical Condition

The United States has submitted a document from Dr. Lucking describing his physical condition and ability to travel. Dr. Lucking underwent surgery in 2005 and, as a result of the surgery and the underlying condition that precipitated the surgery, suffers from conditions that make his travel very difficult, if not impossible. Other district courts have evaluated Dr. Lucking's medical condition and found that he is unable to travel to their locations to testify. See, e.g., United States v. Rivera-Diaz, 2008 WL 5082162 (D.Ariz., Nov. 26, 2008)("The Court concludes ... that Dr. Lucking suffers from a medical condition that prevents his traveling to Arizona. The Court concludes that Dr. Lucking is not available to testify at a competency hearing in this district.") and United States v. Moruzin, 2007 WL 2914903 (D.N.J., Oct. 1, 2007)(same). After consideration

1

of the medical information regarding Dr. Lucking and the other district courts' holdings regarding his ability to travel, the Court is of the opinion that Lucking is unable to travel to the Northern District of Mississippi to personally appear and testify at a competency hearing in this case.

### Cameron Jones' Right to Confront Dr. Lucking in Person

The defendant has objected to having Dr. Lucking testify via video teleconference. He asserts that allowing Dr. Lucking to testify via video teleconference would violate his Sixth Amendment right to confront witnesses against him.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.' U.S. Const. amend. VI. In the trial context, the Supreme Court has recognized that 'face-to-face confrontation forms the core of the values furthered by the Confrontation Clause." Maryland v. Craig, 497 U.S. 836, 847 (1990) (internal quotations and citations omitted).

However, the Confrontation Clause is a trial right and does not extend to pretrial contexts. The Supreme Court has made clear that "the right to confrontation is a trial right." Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987) (plurality opinion); see also Barber v. Page, 390 U.S. 719, 725 (1968). Consistent with the trial-oriented character of the Confrontation Clause, courts have repeatedly declined to hold that the Sixth Amendment right to confrontation extends to various pretrial contexts. See United States v. Matlock, 415 U.S. 164, 174-75 (1974) (noting the inapplicability of the defendant's confrontation rights to a suppression hearing); *cf.* United States v. Salerno, 481 U.S. 739, 751 (1987) (assessing the statutory confrontation rights of detainees at Bail Reform Act

detention proceedings under the Fifth Amendment's due process clause without indicating that the Sixth Amendment is implicated); United States v. Sanchez, 988 F.2d 1384, 1392 (5th Cir.1993) ("The right to confront does not extend to non-trial, in camera settings."). At a pretrial detention hearing, the rules of evidence that govern criminal trials do not apply to information considered at the hearing, and the right of cross-examination extends only toward witnesses who appear at the hearing, pursuant to 18 U.S.C. § 3142(f); the overall scheme of the Bail Reform Act was found to be regulatory rather than punitive in Salerno, 481 U.S. at 747, and the liberty interest at stake was not subjected to the same protections as in a criminal trial. Moruzin, 2007 WL 2914903, at *3-4.

The Due Process Clause guarantees "that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). The Court finds that Jones will have the opportunity to hear and observe Dr. Lucking testify via the video teleconference. He will have the right to have counsel cross-examine Dr. Lucking regarding his testimony and opinions regarding Jones' medical condition and the potential impact of the drugs that could be administered to attempt to restore him to competency, as well as any possible side-effects of the forced medicine regimen. Allowing Dr. Lucking to testify via video teleconference will allow Jones to have meaningful and full participation in the presentation of evidence by Dr. Lucking and will afford Jones' attorney full ability to cross-examine Dr. Lucking regarding his testimony.

The Court finds that Jones will have adequate and meaningful opportunity to confront Dr. Lucking and cross-examine him regarding his testimony, opinions, and the

potential effects and side-effects of any medical regime that the Bureau of Prisons may administer to Jones. The Court further finds that there is no indication that failure to require Dr. Lucking to testify personally will have any impact on obtaining reliable information from Dr. Lucking or prevent, in any manner, Jones from meaningfully exercising his right to confront and cross-examine Dr. Lucking. See, e.g., Stincer, at 745-46. Jones' right to cross-examine Dr. Lucking will be protected at this competency hearing; thus the important holding of Crawford v. Washington[1], that the reliability of Dr. Lucking's testimony be adequately assessed by "testing in the crucible of cross-examination" will be fulfilled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Government's motion [31] to allow Dr. Robert Lucking to testify via video teleconference rather than personally attend the Sell hearing and testify in person in the Northern District of Mississippi is **GRANTED**; therefore,

(2) A video teleconference shall be held at 2:00 p.m. on Tuesday, June 1, 2010.

**SO ORDERED** this the 20th day of May, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] 541 U.S. 36 (2004).