**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                                              **CRIMINAL ACTION NO. 4:08CR090-P-S**

**CAMERON JONES,**                                                                **DEFENDANT.**

## ORDER

This matter comes before the court upon the defendant's May 5, 2011 motion [51] to suppress identification testimony. After due consideration of the motions and the responses filed thereto, as well as witness testimony during a hearing held on June 14, 2011, the court finds as follows, to-wit:

"The Due Process Clause protects against the use of evidence obtained from impermissibly suggestive identification procedures." *U.S. v. Moody*, 564 F.3d 754, 762 (5th Cir. 2009). "The admissibility of identification evidence is governed by a two-step test: First, we determine whether the identification procedure was impermissi[bly] suggestive, and second, we ask whether the procedure posed a 'very substantial likelihood of irreparable misidentification.' " *Moody*, 564 at 762 (quoting *U.S. v. Guidry*, 406 F.3d 314 (5th Cir. 2005)); *Manson v. Brathwaite*, 432 U.S. 98 (1977). If both questions are answered in the affirmative, then the identification evidence is inadmissible.

"[R]eliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). "Under the reliability prong, even if an identification procedure is unnecessary and suggestive in violation of a defendant's due process

1

rights, the resulting testimony is admissible if the identification is nonetheless reliable in light of the totality of the circumstances; i.e., if it poses 'no substantial likelihood of irreparable misidentification.'" *Amador v. Quarterman*, 458 F.3d 397, 414 (5th Cir. 2006).

The Supreme Court has identified several factors to help determine the likelihood of misidentification: "(1) the opportunity of the witness to view the criminal at the crime scene; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Having considered these factors and the totality of the circumstances, the court concludes that all of the identification testimony is admissible except that from the Regions Bank teller.

Regarding the July 24, 2008 carjacking, the witness identified the defendant in a photo spread and did not participate in a show-up identification procedure. Furthermore, she identified the defendant in the courtroom during the hearing on the instant motion. Accordingly, this identification evidence is admissible.

As to the July 25, 2008 carjacking, the witness identified the defendant in a photo spread. Though she was not present during the hearing to give an in-court identification, she did not participate in a show-up identification procedure which is the primary basis for the instant motion to suppress.

On the day of the July 28, 2008 bank robbery at Regions Bank, the Greenville Police Department took the bank teller witness directly to the defendant's house after they had arrested him on misdemeanor warrants. When she was asked to identify the defendant, he was in handcuffs and was surrounded by police officers. There were no exigent circumstances preventing a more objective

identification test like a line up since the defendant was already under arrest. Accordingly, the court concludes that the show-up identification procedure used with the bank teller is inadmissible not only because the procedure was unreliable as explained above, but also because there were no other indicia of reliability of the bank teller's identification since she had not seen him before the day in question and she could not identify him during the June 16, 2011 hearing on the instant motion.

However, though the show-up identification by the bank teller is inadmissible to support the bank robbery count, the identification by the two police officers who independently identified the defendant from the security footage is admissible as reliable – especially since it was their video identification that let them to go to the defendant's house for arrest.

Though the show-up identification by the bank teller is inadmissable, the show-up identifications by the two Speede Cash employees who witnessed the armed robbery at the Speede Cash store on June 26, 2008 (two days before the show-up procedure was employed) are admissible because consideration of the *Biggers* "totality of the circumstances" factors weigh in favor of rendering their identifications more reliable. This is because the two witnesses had plenty of time to view the defendant during at the crime scene, they were paying full attention to him, and each witness was certain of his identify given that they both knew the defendant from his prior visits to the store. Furthermore, both witnesses identified the defendant in the courtroom which can serve as stand-alone identification evidence, *see*, *e.g.*, *Amador v. Quarterman*, 458 F.3d 397 (5th Cir. 2006) (although the show-up identification was held inadmissible, the in-court identification was held reliable), and also as a factor buttressing the *Biggers* "totality of the circumstances" test. Accordingly, all of the identification evidence by the Speede Cash employees is admissible.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's May 5, 2011 motion [51] to suppress identification testimony is **GRANTED IN PART AND DENIED IN PART**; more specifically,

(2) The motion is granted insofar as it seeks to suppress the show-up identification by the bank teller from Regions Bank regarding the July 28, 2008 bank robbery there; however,

(3) The motion is denied insofar as it seeks to suppress the remainder of the identification evidence as discussed above.

**SO ORDERED** this the 11th day of July, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE