**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CAMERON JONES**                                                 **MOVANT**

**V.**                                                              **CAUSE NO.: 4:08CR90-SA-DAS**

**UNITED STATES OF AMERICA**                                   **RESPONDENT**

## ORDER

Movant Cameron Jones has filed motions seeking the production of documents and the appointment of counsel to assist him in pursuing a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Jones claims that trial counsel rendered ineffective assistance in failing to secure the assistance of an expert witness to testify as to Jones' insanity.

Considering Jones' request for the record in this case, the Court notes that an indigent defendant has a right to free court documents, including transcripts, in certain circumstances. *See* 28 U.S.C. § 753(f). These circumstances require the defendant to establish, however, that the documents are necessary to decide an issue in a pending suit, and the suit is not frivolous. *See id.*

As an initial matter, the Court notes that Jones has not submitted an affidavit establishing that he is currently indigent. Assuming, *arguendo*, that he could establish that he is an indigent defendant, the Court nonetheless determines that Jones has not met the statutory requirements to be provided documents in this case at the government's expense. Jones' appellate attorney obtained the transcript in this case. *See* Docs. # 125-33. An indigent defendant is not entitled to a free transcript if he had access to the record on direct appeal. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 325-26 (1976). Accordingly, Jones' motions for the production of

documents [138] [139][141] are **DENIED**.  If Jones wishes to receive transcripts or documents at his own expense to supplement his § 2255 motion, he may contact the Clerk of Court to receive instructions as to how to request them.

Next, the Court considers Jones' request for the appointment of counsel.  There is no constitutional right to counsel in a § 2255 proceeding.  *See, e.g., United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993).  The Court is statutorily required to appoint counsel only in certain situations, such as when it determines that an evidentiary hearing is required, or when "the interests of justice so require."  18 U.S.C. § 3006A; *see also* Rules Governing § 2255 Proceedings  Rule 8(c).  An initial review of Jones' motion fails to persuade the Court that the circumstances warranting the appointment of counsel are present in this case.  Therefore, his motions to appoint counsel [137][140] are **DENIED**.  If an evidentiary hearing is ordered in this case, then the Court will *sua sponte* appoint counsel to assist Jones.

**SO ORDERED**, this the 14th day of January, 2016.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**