IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CAMERON JONES**                                                                                  **MOVANT**

**V.**                                                   **CAUSE NO.: 4:08CR90-SA-DAS**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Cameron Jones, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming that his trial attorney rendered ineffective assistance of counsel in presenting Jones' insanity defense. The government has submitted a response to Jones' motion. Having considered the pleadings and the record, including the relevant parts of Jones' underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that Jones' § 2255 motion should be denied.

### Relevant History

Cameron Jones was indicted for various robbery, carjacking, and firearms charges committed between July 20, 2008, and July 28, 2008. After his indictment, Jones filed a notice of insanity defense and a motion for a psychiatric examination. From 2008 through 2012, a series of psychiatric examinations and hearings were held. The case against Jones proceeded to

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

trial after he was found to be competent at an October 2012 competency hearing, with the parties agreeing to a non-jury trial. Following a two-day bench trial, Jones was convicted of armed robbery, two counts of carjacking, two counts of use of a firearm during a crime of violence, and armed bank robbery. Jones was sentenced to a term of 504 months' imprisonment.

Jones appealed his conviction, arguing, *inter alia*, that he was not competent to stand trial, and that the court erred in rejecting his insanity defense. The Fifth Circuit affirmed this Court's judgment. *See United States v. Jones*, No. 14-60293, 601 F. App'x 297 (5th Cir. Feb. 20, 2015). Jones filed the instant motion[2] on or about January 4, 2016, maintaining that his trial counsel rendered ineffective assistance in failing: (1) to offer the testimony of an expert witness in support of his insanity defense and (2) to object to testimony from the prosecution's expert.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's

---

[2]Jones additionally supplemented the record with an "Affidavit" [149], which has been considered as well in making this determination.

allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Analysis

In the instant motion, Jones claims that he was denied the effective assistance at trial. To make a substantial showing of the denial of his Sixth Amendment right to the reasonably effective assistance of counsel, a movant must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires him to demonstrate "that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The court's scrutiny of counsel's performance must be "highly deferential." *Id*. at 689.

To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different if counsel had performed effectively. *Id*. at 694. The prejudice inquiry does not merely require that the movant raise the "possibility of a different outcome," but rather, it requires the movant to "demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Failure to hire expert witness to testify

Jones presented an insanity defense at his trial, which placed the burden on him to

establish by clear and convincing evidence that, at the time of the charged offenses, he was, due to a severe mental defect or disease, unable to appreciate the nature and quality or wrongfulness of his acts. *See* 18 U.S.C. § 17. In the instant motion, Jones maintains that defense counsel rendered ineffective assistance in not hiring an expert that would testify regarding his lack of criminal responsibility for the charged crimes.

At a hearing held on October 9, 2012, the Court granted defense counsel's request for a criminal responsibility evaluation. *See* ECF No. 130 at 139. At trial, however, no expert witness was called to buttress Jones' insanity defense. According to the government's representations to the Court, trial counsel stated that he made a strategic decision not to hire a psychiatrist or psychologist to examine Jones to determine if he was insane at the time of the offenses, opting instead to rely on the previously-obtained reports of the two private psychological examinations and the Bureau of Prison psychological examinations. *See* ECF No. 148 at 5 n. 2. The government contends that no deficiency can be attributed to counsel for this strategic decision.

In this case, the Court was the fact finder. The Court had before it no fewer than six psychiatric evaluation reports authored by various experts in forensic evaluation prior to reaching a determination as to Jones' criminal responsibility. Jones' history of mental illness and defects were thoroughly explored in these reports, at least one of which opined that Jones was not capable of appreciating the wrongfulness of his behavior at the time of the offenses. At trial, defense counsel elicited testimony from Jones' family members as to Jones' history of delusional thinking and bizarre behavior in an attempt to demonstrate that if Jones was suffering from delusions as late as 2007, then he was likely suffering from delusions at the time of the crimes in July 2008. The Court cannot conclude that this strategy was unreasonable in light of

4

the evidence before it. *See, e.g., Strickland*, 466 U.S. at 690 (holding "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Even if the Court were to assume, however, that counsel made an unreasonable strategic decision in deciding not to secure another expert evaluation that would target the question of Jones' criminal responsibility, it cannot conclude that the result of the proceedings against Jones would have been different with an additional expert opinion. The witnesses in this case testified that Jones appeared lucid at the time he robbed them, and they each testified that he did not express any delusions. Jones fled each of the crime scenes after obtaining money from the victims. He was able to express his awareness to Dr. Hayes that as a prior convicted felon, he could not lawfully possess a firearm. As noted by Dr. Hayes, the victims' testimony revealed that during the crimes at issue, Jones engaged in very goal-oriented behavior and made demands relevant to the setting; his behavior was organized and not indicative of a psychotic episode.

Moreover, as a result of a search warrant executed on his residence, police found hidden in his ceiling tiles money from the bank robbery, purses from the victims of one of the carjackings, and the firearm used in the crimes. Jones' activities during and after the crimes indicate that Jones understood the nature and the criminality of his acts. Accordingly, the Court concludes that Jones cannot establish that a different result would have been reached if counsel had hired an expert to examine him and testify to a conclusion that Jones was not criminally responsible for these crimes, as such an opinion is already in the record and was rebutted by the government's case.

**B. Failure to object to testimony**

Jones argues that he received the ineffective assistance of counsel when trial counsel failed to object to the unreliable testimony from the Bureau of Prison's psychiatrist, Dr. Kwanna Hayes. Specifically, he claims that Dr. Hayes stated at trial that her report and trial testimony might have been different (i.e. she might have found he lacked criminal responsibility) if she had been privy to his family members' testimony about Jones' bizarre behavior.

Jones' contention is a mischaracterization of the record. At trial, Dr. Kwanna Hayes, a Bureau of Prison's psychiatrist, testified regarding Jones' various examinations and concluded he was not insane at the time he committed the offenses. During cross-examination, the following exchange occurred:

> [Defense counsel] Q. And what would be the factors that would make you decide that someone is not criminally responsible?
> [Dr. Hayes] A. I think, as I spoke earlier, it has to do with what's driving the criminal behavior. Thus far, I've had no information presented by Mr. Jones or the discovery material or witnesses -- no information that has provided information that said that his behavior was driven by a psychotic process. No one has mentioned that he was acting bizarrely. No one has mentioned that he was saying, "I've got to rob this bank. I've got to get this money. I've got to give this money to people who are in desperate need of clothing or food. I'm Jesus. I need this money to help people."
> Q. Even though his mother and sisters did testify that during at least the 2006 to 2008 time period, he did exhibit bizarre behaviors of that type?
> A. And if I had been presented with that information at the time of the crime, I would have taken that into consideration. There was no testimony saying that around the time of the instant offense he was engaging in these types of behaviors. That's what I was listening for.

ECF No. 132 at 47.

Therefore, Dr. Hayes' testimony was that she might have reached a different conclusion as to Jones' sanity if there had been evidence that he was engaging in bizarre behavior at the times of the crimes. Dr. Hayes was qualified as an expert in this case and gave relevant

6

testimony after reviewing various documents and reports and listening to the testimony of the movant's witnesses. Consequently, any objection to her testimony would have likely been futile, and counsel does not render ineffective assistance by failing to make futile objections. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Accordingly, Jones has failed to demonstrate that he received the ineffective assistance of counsel at his trial, and this motion will be denied.

### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Jones must obtain a COA before he may appeal the denial of his § 2255 motion, which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Court finds that a COA should not issue in this case.

### Conclusion

In sum, the Court finds no merit to Jones' motion [142], and it is **DENIED**. A certificate of appealability from this decision is **DENIED**. A final judgment from this decision will issue today.

**SO ORDERED**, this 19th day of April, 2016.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**