**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**CAMERON JONES**                                                                              **MOVANT**

**V.**                                                    **CAUSE NO.:  4:08CR90-SA-DAS**

**UNITED STATES OF AMERICA**                                                        **RESPONDENT**


## ORDER DENYING MOVANT'S MOTION TO ALTER JUDGMENT

This matter comes before the Court on Movant's motion to alter or amend the Court's April 19, 2016, judgment denying his motion to vacate his federal conviction under 28 U.S.C. § 2255.  In the instant motion, Movant claims that the Court made manifest errors in rejecting his claim that trial counsel rendered ineffective assistance in failing to obtain an expert to render an opinion bolstering Movant's insanity defense, and in rejecting his claim that counsel rendered ineffective assistance by failing to object to the testimony of the prosecution's expert witness.

Movant claims that the Court erred in its judgment because  (1) trial counsel rendered ineffective assistance when he ignored the Court's mandate that an expert be hired to assist in the defense; and (2) trial counsel failed to present any opinion that Movant lacked criminal responsibility for the offenses for which he was convicted.  The Court finds that the issues concerning trial counsel's presentation of Movant's insanity defense involves issues already addressed fully by the Court.  Beyond iterating that the Court had before it no fewer than six psychiatric reports addressing Movant's mental state at the time it rendered its determination as to Movant's criminal responsibility, the Court finds no reason to revisit these issues.  *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted).

However, in the instant motion, Movant also claims that the Court erred in crediting as reliable the testimony of the prosecution's expert witness, Dr. (Williamson) Hayes, that Movant was criminally responsible for his actions, as Hayes was ordered to conduct a competency evaluation rather than an evaluation as to culpability, and she reached a conclusion as to his criminal responsibility without notice to him that it would occur. He seems to bolster this argument by noting that there were no court orders for his criminal responsibility to be evaluated until after he asserted an insanity defense. These arguments warrant further comment.

An order granting a motion to alter or amend a judgment under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Court notes that indictment was filed in this case on July 31, 2008. *See* Doc. # 1. Movant asserted his intention to seek an insanity defense by notice filed with the Court only weeks later on September 2, 2008. Doc. # 12. At the same time, Movant's counsel filed a motion for a psychiatric evaluation of, in part, Movant's culpability relating to the charges in the indictment. *See* Doc. #13. The motion was granted, as were subsequent motions for several psychiatric evaluations between 2008 and 2012. *See* Doc. # 16, 23, 26, 75, 89.

As is particularly relevant to this case, the Court notes that in its June 8, 2010, order for a psychiatric evaluation of Movant, the Court ordered that a psychiatrist evaluate Movant for a determination of whether Movant could be restored to competency **and** whether he suffers a mental deficiency that would bear on the issue of his guilt (i.e., his criminal responsibility). *See* Doc. # 41 at 2. This order was the basis for the psychiatric evaluation conducted by Dr. Hayes in 2011 that formed part of her testimony at Movant's trial. (*See* sealed psychiatric report filed 1/27/2011).

A psychiatric evaluation was ordered in this case within weeks of the indictment being

filed.  The Court further notes that even the earliest order for a psychiatric evaluation in this case required the examiner to evaluate both Movant's competency and his culpability.  *See, e.g.*, Doc. # 16 at 1-2 (9/10/08 order appointing expert and granting psychiatric evaluation).  It is difficult to imagine how the Court could have — or why it would have — ordered a more thorough evaluation sooner.  The Court finds that Movant has not proven any of the justifications that would warrant amendment of the judgment in this case.  Therefore, the instant motion [154] is **DENIED**.  In accordance with Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, a Certificate of Appealiability from this order is **DENIED**, as Movant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

      **SO ORDERED** this the 14th day of June, 2016.

                              **/s/ Sharion Aycock**
                              **U.S. DISTRICT JUDGE**